**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>MARTIN BROTHERS ENTERPRISES, INC.</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>AXIS SURPLUS INSURANCE COMPANY</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

EXHIBIT
Composite A

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Rafael Viego III      Fla. Bar # 60967
      Attorney or party         (Bar # if attorney)

Rafael Viego III          10/27/2022
  (type or print name)        Date

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARTIN BROTHERS ENTERPRISES, INC.,

                                                 CASE NO.:

      Plaintiff,

v.

AXIS SURPLUS INSURANCE COMPANY.

      Defendant.

                                              /

## COMPLAINT

Plaintiff MARTIN BROTHERS ENTERPRISES, INC. (the **"Insured"**) sues Defendant AXIS SURPLUS INSURANCE COMPANY. (the **"Insurance Company"**), and in support thereof alleges as follows:

1.     This is an action against the Insurance Company for damages in excess of $30,000.00, exclusive of interest, costs, and reasonable attorneys' fees

2.     The Insured is an individual over eighteen (18) years of age, *sui juris*.

3.     The Insurance Company is a Florida corporation that, at all times material hereto, conducted business in Miami Dade County, Florida.

4.     Venue is proper in Miami Dade County, Florida, pursuant to section 47.051, Florida Statutes, because the subject property is located in Miami Dade County, Florida.

5.     All conditions precedent to the filing of this action have been met or have occurred through performance, waiver, or otherwise.

6.     The Insured and the Insurance Company entered into a written contract wherein the Insured agreed to pay a premium, and the Insurance Company agreed to issue a homeowners

insurance policy insuring certain real property owned by the Insured (the **"Policy"**). [1]

7.       The Insured paid all premiums due and owing as contemplated by the Policy and, therefore, fully performed under the terms of the Policy.

8.       The Insurance Company issued the Policy and agreed to insure against certain losses to the Insured's property located at 10801-10827 Southwest 40th Street, Miami, Florida 33165 (the **"Property"**).

9.       Under the terms of the Policy, the Insurance Company has a duty to pay the Insured for covered losses to the Property.

10.      On or about November 9, 2020, while the Policy was in full force and effect, the Property sustained a covered loss as a result of Tropical Storm Eta (the **"Covered Loss"**).

11.      The Insured complied with all post-loss obligations in the Policy including, but not limited to: (i) immediately notifying the Insurance Company of the Covered Losses; (ii) protecting the Property from further loss; (iii) making reasonable and necessary repairs to protect the Property; and (iv) keeping an accurate record of the repair expenses and other pertinent documentation.

12.      The Insurance Company assigned claim number AWAX22030026 (the "**Claim**") to the Covered Loss.

13.      The Insurance Company denied the Claim and failed to pay the Insured for the Covered Loss.

14.      The Insurance Company's denial of the Claim is a breach of the Policy.

15.      As a direct and proximate result of the Insurance Company's breach, the Insured

---

[1]      The Insured could not locate a copy of the Policy after diligent search and inquiry.  The Policy is in the sole and exclusive possession of the Insurance Company.  The Insured will file a copy of the Policy after same is provided by the Insurance Company through discovery.

suffered significant damages.

16.    The Insured has retained the services of the undersigned attorneys for the prosecution of this action, to whom a reasonable fee is owed, together with the reimbursement of costs, for which the Insurance Company is liable.

WHEREFORE, the Insured respectfully demands judgment against the Insurance Company for damages, plus prejudgment and post-judgment interest, costs, reasonable attorneys' fees, and for such further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Insured demands a trial by jury on all counts so triable.

Dated this 27th day of October 2022.

Respectfully submitted,

**THE HERNANDEZ LEGAL GROUP**
*Counsel for the Insured*
11410 N. Kendall Drive, Suite 311
Miami, Florida 33176
Telephone:    (305) 640-8210
Primary e-mail: eservice@thehlglawfirm.com
Secondary e-mail: rviego@thehlglawfirm.com

By: ___/s/ Rafael Viego III, Esq.____
      Rafael Viego III, Esq.
      Florida Bar No. 60967

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MARTIN BROTHERS ENTERPRISES,
INC.,                                    CASE NO.: 2022-020616-CA-01

      Plaintiff,

v.

AXIS SURPLUS INSURANCE COMPANY.

      Defendant.

_____/

## <u>CIVIL SUMMONS</u>

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant:

**AXIS SURPLUS INSURANCE COMPANY**
**C/O FLORIDA CHIEF FINANCIAL OFFICER AS RA**
**200 EAST GAINES STREET**
**TALLAHASSEE, FLORIDA  32399-4201**

      DATED on _____.

                    CLERK OF THE COUNTY COURT

                    HARVEY RUVIN
                    As Clerk of the Court

                    By: _____
                          As Deputy Clerk

                <u>IMPORTANT</u>
      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal

requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).  If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.  Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier cidessus et du nom des parties nommees ici, si vous souhaitez que le tri-bunal entende votre cause.  Si vous ne

deposez pas votre reponse ecrite dans le relai requis, vous risquez de per-dre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

### ACT DE 1990 POUR AMERICAINS HANDICAPES
### AVIS DE l' ADA

**"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

E-mail Designations:
Primary e-mail: eservice@thehlglawfirm.com
Secondary e-mail: rviego@thehlglawfirm.com

Plaintiff's Attorney:
Rafael Viego III, Esq.
Florida Bar No. 60967

**THE HERNANDEZ LEGAL GROUP**
11410 N. Kendall Drive, Suite 311
Miami, Florida 33176

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MARTIN BROTHERS ENTERPRISES,
INC.,                                           CASE NO.: 2022-020616-CA-01

      Plaintiff,

v.

AXIS SURPLUS INSURANCE COMPANY.

      Defendant.

_____ /

## CIVIL SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant:

**AXIS SURPLUS INSURANCE COMPANY**
**C/O FLORIDA CHIEF FINANCIAL OFFICER AS RA**
**200 EAST GAINES STREET**
**TALLAHASSEE, FLORIDA  32399-4201**

10/31/2022

      DATED on _____.

CLERK OF THE COUNTY COURT

HARVEY RUVIN
As Clerk of the Court

217043

By: _____

As Deputy Clerk

## IMPORTANT

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal

– 1 –

requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).  If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.  Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier cidessus et du nom des parties nommees ici, si vous souhaitez que le tri-bunal entende votre cause.  Si vous ne

deposez pas votre reponse ecrite dans le relai requis, vous risquez de per-dre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

### ACT DE 1990 POUR AMERICAINS HANDICAPES
### AVIS DE l' ADA

    **"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

| | |
|---|---|
| E-mail Designations: | Plaintiff's Attorney: |
| Primary e-mail: eservice@thehlglawfirm.com | Rafael Viego III, Esq. |
| Secondary e-mail: rviego@thehlglawfirm.com | Florida Bar No. 60967 |
| | |
| | **THE HERNANDEZ LEGAL GROUP** |
| | 11410 N. Kendall Drive, Suite 311 |
| | Miami, Florida 33176 |

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARTIN BROTHERS ENTERPRISES,
INC.,                                                CASE NO.: 2022-020616-CA-01

      Plaintiff,

v.

AXIS SURPLUS INSURANCE COMPANY.

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT

Plaintiff, MARTIN BROTHERS ENTERPRISES, INC (the **"Insured"**), pursuant to Florida Rule of Civil Procedure 1.350, requests the items described below be produced by Defendant, AXIS SURPLUS INSURANCE COMPANY (the **"Defendant"** or the **"Insurance Company"**), for inspection and duplication to THE HERNANDEZ LEGAL GROUP, 11410 N. Kendall Drive, Suite 311, Miami, Florida 33176, within forty-five (45) days from service of this request, and continuing from day to day for so long as is reasonably necessary to examine and to copy the documents listed herein.

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "you," "your(s)," "yourselves," "defendant," and "Insurance Company" means the party or parties to which this request is addressed, and any agents, representatives, attorneys or other persons acting or purporting to act, on its behalf.

2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

3.      The "Complaint" means the Complaint filed by the Insured in the above-referenced matter.

4.      The term "document" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

5.      The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

7.      The term "Property" identifies the dwelling unit insured under the policy.

8.      The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

9.      As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

10.     The terms "and," "as well as" and "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive.  The term "all" means "any and all."  The terms "each" and "every" means "each and every," the term "including" means "including without limitation."

11.     The terms "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

12.     The terms "locate" or "location" means to state the present whereabouts of each document and to identify the person(s) having possession, custody or control thereof.

13.     The term "to date" shall mean the date on which you respond to this request.

14.     When producing the required documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained, and the name of the documents being produced.

15.     When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

16.     In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

17.     The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

18.     If you claim that the attorney/client or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim.

19.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any one of these requests, then in response to the appropriate request:

(a)     furnish each such document that is available to you without undertaking what you contend to be an unreasonable burden;

(b)     state with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome; and

(c)     describe with particularity the efforts made by you to secure such documents, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such documents, including the duration of time spent and nature of work done by each person.

20.     Unless otherwise indicated, all requests include the time period of January 2000 to date.

## LOST/DESTROYED DOCUMENTS

If any document to be produced was, but is no longer, in your possession, custody or control or has been destroyed or is otherwise incapable of production or state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; (d) if not destroyed, the reason why the document is incapable of production; and (e) the subject matter of the document.

## DOCUMENTS REQUESTED

1.      A true and correct certified copy of the insurance policy provided by the Insurance Company to the Insured, for which this lawsuit is premised, including but not limited to, declaration sheet(s), all addendums and attachments.

2.      Each and every timesheet, log, and all other documents reflecting time spent by the Insurance Company at the Property.

3.      Each and every document, evidencing the name, address, and the position/relationship with the Insurance Company, of every individual who has visited or plans to visit the Property on behalf of the Insurance Company.

4.      Any and all correspondence or written communications from the Insurance Company to the Insured that in any manner pertains to the Insured's loss as described in the Complaint.

5.      Any and all correspondence or written communications from the Insured to the Insurance Company that in any manner pertains to the Insured's loss as described in the Complaint.

6.      Any and all photographs taken by the Insurance Company of the Property.

7.      All documents containing information regarding a statement by the Insured at any time during the Insurance Company's handling of the Insured's loss, including adjuster notes, claim reports, interoffice memorandum, tape recordings and any transcripts or written statements from the Insured.

8.      Any and all bills or estimates for repairs to the Property submitted to the Insurance Company by the Insured.

9.      Any and all checks paid to, or on behalf of the Insured, representing insurance coverage payment(s) for the loss.

10.     Any and all documentation or reports prepared for the Defendant by any engineer or any expert that relates to the Property or the insurance claim subject to this action, including, but not limited to, any report or documentation prepared or resulting from any inspection on the

Property conducted by Defendant, any of its agents, or anybody else acting on its behalf.

11.     Any and all documents identified or referred to in Defendant's Response to Plaintiff's First Set of Interrogatories.

12.     Any and all documents relied upon to provide responses to Plaintiff's First Set of Interrogatories.

13.     Any and all documents pertaining to any lawsuits previously filed by the Insured against the Defendant.

14.     Any and all documentation regarding prior or subsequent insurance claim(s) made by the Insured to either the Insurance Company or any other insurance carrier regarding any claim of loss other than the loss that is the subject of this action.

15.     All documents that support or refute any of the allegations in Defendant's Answer and Affirmative Defenses.

16.     All documents that support or refute any of the allegations in Plaintiff's Complaint.

17.     Audio copies of any recorded statements or examinations under oath taken of the Insured.

18.     Transcripts of any recorded statements or examinations under oath taken of the Insured.

19.     Any and all documents in the Insurance Company's claim file that pertains to the Insured's claim or this action.

20.     Any and all documentation, including but not limited to, correspondence, reports, notes, memoranda, calendars, journals, telephone messages, notices, e-mails, etc., which in any way relate to inquiries, investigations, criminal charges and meetings by or with civil authorities. This request includes, but is not limited to, county, state and federal authorities.

21.     Any and all documentation you intend to offer as evidence, the foundation for the introduction of any evidence, any evidence you may use to refresh the memory of any witness you

may call at the trial of this litigation, or any document you may ask the Court to take judicial notice of.

22.     All written documents, transcripts, memoranda, invoices, statements, and any other similar documents as defined and allowed by the Florida Rules of Civil Procedure which are not privileged and support any and all alleged damages sustained by the Insured with respect to the pending action.

23.     All records indicating that you provided the Insured with a copy of the subject insurance policy at some point between the policy's inception and the date of loss.

24.     Any and all damages' estimates prepared by you, or someone on your behalf, in connection with this claim.

25.     Any and all damages' estimates prepared by the Insured, or someone on the Insured's behalf, in connection with this claim.

26.     All non-privileged documents which you relied upon or reviewed in order to answer any of the Insured's discovery requests thus far.

**[CERTIFICATE OF SERVICE AND SIGNATURE BLOCK NEXT PAGE.]**

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with a copy of the Complaint and Summons upon Florida Chief Financial Officer as registered agent for the Defendant via the Florida Department of Financial Services Service of Process Portal https://apps.fldfs.com/LSOP/Account/Login.aspx.

**THE HERNANDEZ LEGAL GROUP**
*Counsel for the Insured*
11410 N. Kendall Drive, Suite 311
Miami, Florida 33176
Telephone:     (305) 640-8210
Primary e-mail: eservice@thehlglawfirm.com
Secondary e-mail: rviego@thehlglawfirm.com

By:     /s/ Rafael Viego, III
           Rafael Viego, III, Esq.
           Florida Bar No. 60967

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARTIN BROTHERS ENTERPRISES,
INC.,                                                    CASE NO.: 2022-020616-CA-01

      Plaintiff,

v.

AXIS SURPLUS INSURANCE COMPANY.

      Defendant.

_____/

**<u>NOTICE OF SERVICE OF PLAINTIFF'S FIRST
SET OF INTERROGATORIES TO DEFENDANT</u>**

Plaintiff, MARTIN BROTHERS ENTERPRISES, INC., pursuant to Florida Rule of Civil

Procedure 1.340, hereby give notice of serving Plaintiff's First Set of Interrogatories upon

Defendant, AXIS SURPLUS INSURANCE COMPANY, to be answered in writing under oath

within forty-five (45) days after service of this notice.

**[CERTIFICATE OF SERVICE AND SIGNATURE BLOCK NEXT PAGE.]**

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with a copy of the Complaint and Summons upon Florida Chief Financial Officer as registered agent for the Defendant via the Florida Department of Financial Services Service of Process Portal https://apps.fldfs.com/LSOP/Account/Login.aspx.

**THE HERNANDEZ LEGAL GROUP**
*Counsel for the Insured*
11410 N. Kendall Drive, Suite 311
Miami, Florida 33176
Telephone:     (305) 640-8210
Primary e-mail: eservice@thehlglawfirm.com
Secondary e-mail: rviego@thehlglawfirm.com

By:      /s/ Rafael Viego, III
          Rafael Viego, III, Esq.
          Florida Bar No. 60967

– 2 –

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARTIN BROTHERS ENTERPRISES,
INC.,                                                 CASE NO.: 2022-020616-CA-01

      Plaintiff,

v.

AXIS SURPLUS INSURANCE COMPANY.

      Defendant.

_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff, MARTIN BROTHERS ENTERPRISES, INC. (collectively, the **"Insured"**),

pursuant to Florida Rule of Civil Procedure 1.340, propound Plaintiff's First Set of Interrogatories

to Defendant, AXIS SURPLUS INSURANCE COMPANY (**"Defendant"** or the **"Insurance**

**Company"**), to be answered in writing under oath within the time specified.

**DEFINITIONS AND INSTRUCTIONS**

1.      Insert your answers in the space provided following each question.  If additional
space is needed, so indicate in the space provided, prepare your answers on a separate paper, and
attach the additional paper to your answers.

2.      Separately answer each interrogatory, and each subsection of each interrogatory.
The term "you" and "your" means the party or parties to which this request is addressed, including
its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers,
directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act
on its behalf, as well as each partnership in which it is a partner.

3.      The terms "Insurance Company" or "Defendant" means the defendant in this action
to which these Interrogatories are addressed, including its agents, attorneys, accountants, and all
other persons acting or purporting to act on their behalf.  The terms "Insurance Company" or
"Defendant" also includes the party's divisions, departments, subsidiaries, affiliates, predecessors,
present or former officers, directors, owners, agents, attorneys, and accountants as well as each
partnership in which it is a partner, and includes any other person, acting or purporting to act on
its behalf.

– 3 –

4.      The terms "you" and "your" mean the party or parties to which these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

5.      The "Complaint" means the Complaint filed by the Insured in the above-referenced matter.

6.      The term "Claim" means any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which the Insured demands that it has suffered damages, or has a right to payment, as the result of any act or omission of Defendant.

7.      The terms "person" or "persons" mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

8.      The term "contract" means any promise, or set or promises, which creates an obligation to do or not do a particular thing where there was meeting of the minds on a given proposition and an understanding and intention between the parties.

10.     The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

11.     The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access.  "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

12.     The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

13.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

14.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive.  The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

15.     The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

16.     The terms "locate" or "location" means to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

17.     The term "to date" shall mean the date on which you answer these interrogatories.

18.     The term "including" means "including but not limited to."

19.     "Relating to" or "relevant to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

20.     The term "Identify," when used with reference to a natural person, means state:

(a)     his full name and address (or, if the present address is not known, his last known address).

(b)     the full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal.

(c)     his present (or, if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relate, and

(d)     such other information sufficient to enable the Insured to identify the person.

21.     "Identify," when used with reference to any entity other than a natural person, means:

(a)     state the full name of the entity, the type of entity (e.g., corporation,

– 5 –

partnership, etc.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization.

22.    "Identify," when used with reference to a document or written communication, means state:

(a)    its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

(b)    the identity of each signer to the document or communication;

(c)    the title or heading of the document or communication;

(d)    its substance;

(e)    its present (or, if the present is not known, the last known) location and custodian.

(f)    the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) respondent and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

(g)    the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

23.    "Identify," when used with reference to an oral transaction or oral communication, means state:

(a)    its nature (e.g., telephone call, conversation in person, etc.)

(b)    the date and place thereof.

(c)    the identity and address of each person participating therein, present during or witness to any part thereof.

(d)    identify each document in which such transaction or communication was recorded, described or referred to.

24.    "Identify" when used with reference to a lawsuit means state:

– 6 –

    (a)      the caption of each lawsuit;

    (b)      the court in which the lawsuit was filed;

    (c)      the case number;

    (d)      identify the parties, and

    (e)      a brief summary of the nature of the claim or charge.

25.     "Identify" when used with reference to an administrative claim or charge means state:

    (a)      identify the claimant or charging party;

    (b)      the administrative office where filed;

    (c)      the number assigned to identify the claim or charge, and

    (d)      a brief summary of the nature of the claim or charge.

26.     "Identify," when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

27.     You may, in lieu of identifying any Document or written communication, attach a true copy of each Document as an exhibit to the answers to these interrogatories.  On each occasion in which you choose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

28.     Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced and by the file from which the document was produced.

29.     If any of the information furnished in an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the furnished information.

30.     If the answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under

oath, within ten days from the time the entire answer becomes known or available to you, but in no event less than five days prior to trial.

31.     If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

> (a)     set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;
>
> (b)     state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome; and
>
> (c)     describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person.

32.     Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered or acquired by you between the date of your initial answer and any time thereafter.

33.     If you claim in response to any request for production that any requested document is "privileged" and not subject to discovery, you shall so state expressly and, in addition, shall provide a privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

34.     If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the affiant any part of the information furnished.

35.     To the extent precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and complete information.  Where such an estimate is given, the method employed in making the estimate shall be described.

## **FIRST SET OF INTERROGATORIES**

1.      Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

2.      Please state the date that the Insurance Company first received notice from the Insured for a claim of benefits under the Policy for property damages as described in the Complaint in this lawsuit.

3.      In reference to the Insurance Company's denial of the Insured's claim for benefits under the Policy with respect to the instant Claim, please state:

      a.      The date the decision to deny the claim was made.

      b.      Identify each person who participated in the decision to deny the Insured's claim.

      c.      Describe each and every fact upon which you relied in forming the basis for your denial of the Insured's claim.

d.      Identify each document sent by the Insurance Company to the Insured detailing the reasons why the Insurance Company denied the Insured's claim.

e.      State the location, including, page(s), line(s) and paragraph number(s), and the exact language contained in the Policy, which you used to base your decision to limit or exclude coverage in any way of the Insured's claim.

4.      Identify each person, by name, address, phone number and position, whom on behalf of the Insurance Company, inspected the Insured Property in reference to the claim for benefits under the Policy, including his or her field of expertise and the date of each inspection.

5.      Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Insurance Company by the Insured in reference to the Insured's claim for benefits under the Policy.

6.      Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Insured by the Insurance Company in reference to the Insured's claim for benefits under the Policy.

7.     Identify all persons (other than the Insurance Company) believed or known by you, your agents, or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which witnesses have knowledge and state whether you have obtained any statements (oral, written or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness were taken and who has the present possession, custody and control of any such statements.

8.     Identify all persons who, on the Insurance Company's behalf have in any way participated in the investigation, evaluation, adjusting or handling of the claim involved hereto and specify the nature of the participation for each and every such person and give the time period during which they participated.

9.     Refer to the page and line of any and all written guidelines you used in the claims handling process that justify the investigation and claims handling such as was conducted with regards to the claims presented by the Insured.

10.     Please describe all requests made by the Insurance Company upon the Insured (i.e., requests for examination under oath, information, documents, sworn proofs of loss, etc.,) in reference to this claim and the dates made.

11.     With reference to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate or refute such affirmative defense, including identification of all witnesses to each such fact.

12.     Identify all insurance claims previously filed by the Insured with the Defendant, and for each claim identify the claim number, cause of loss, date of loss, nature of the damages claimed, whether the claim was paid or denied, and the amount(s) of any payment(s) made by Defendant to the Insured in connection with each claim.

13.     Has the Insured ever sued Defendant? If so, please list the case number of the lawsuit and the final outcome of the lawsuit.

14.     Are you aware of any insurance claims previously filed by the Insured with an insurance company other than the Defendant? If so, for each claim identify the claim number, cause of loss, date of loss, nature of the damages claimed, whether the claim was paid or denied, and the amount(s) of any payment(s) made by the subject insurance company to the Insured in connection with each claim.

15.     Do you contend that the Insured failed to mitigate damages after the loss? If so, set forth the reason for this contention and describe the measures that should have been taken to prevent further damage to the Insured's property.

16.     Please state all facts you are aware of that support or refute your response to Paragraph number 5 of the Insured's Complaint; the name, telephone number, and address of any and all person(s) who are aware of such facts, and how you know that such person(s) are aware of such facts.

17.     Please state all facts you are aware of that support or refute your response to Paragraph number 10 of the Insured's Complaint; the name, telephone number, and address of any and all person(s) who are aware of such facts, and how you know that such person(s) are aware of such facts.

18.     Please state each and every post-loss obligation which you contend the Insured did not comply with, and the reason why you contend the Insured did not comply with such post-loss obligation.

19.     Please state each and every post-loss obligation which you contend the Insured did comply with, and state the date of such compliance.

20.     Please state all facts you are aware of that support or refute your response to Paragraph number 13 of the Insured's Complaint; the name, telephone number, and address of any and all person(s) who are aware of such facts, and how you know that such person(s) are aware of such facts.

21.     What do you contend caused the loss to the Insured's property?

22.     Are there any factors concerning this loss that you did not have the ability to review or analyze prior to making the decision to deny the Insured's claim? If so, please identify these factors and how or why they are important to your coverage determination.

IN WITNESS WHEREOF, the Insurance Company has executed the foregoing answers to interrogatories and states that same are true and correct to the best of the undersigned's knowledge and belief.

_____

By: _____

Title: _____ _____

STATE OF _____   }

COUNTY OF _____   }

BEFORE ME, the undersigned authority, personally appeared _____, who is personally known to me or who has produced _____ as identification, being first duly sworn according to law, deposes and says that he/she executed the foregoing Answers to Plaintiff's First Set of Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office; in the County and State last aforesaid, this _____ day of _____, 2022.

Notary Signature: _____   Notary Seal: _____

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MARTIN BROTHERS ENTERPRISES,
INC.,                                          CASE NO.: 2022-020616-CA-01

      Plaintiff,

v.

AXIS SURPLUS INSURANCE COMPANY.

      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff, MARTIN BROTHERS ENTERPRISES, INC. (collectively, the **"Insured"**), pursuant to Florida Rule of Civil Procedure 1.370, request that Defendant, AXIS SURPLUS INSURANCE COMPANY (**"Defendant"**), admit or deny the following requests within forty-five (45) days after service:

1.     Admit that the insurance policy that forms the subject matter of this lawsuit was issued by the Defendant.

2.     Admit that the insurance policy that forms the subject matter of this lawsuit is an "all-risk" policy.

3.     Admit that an "all-risk" insurance policy provides automatic coverage against all fortuitous losses, unless the loss is specifically excluded.

4.     Admit that the Insured has paid all premiums required for the purchase of the subject insurance policy.

5.     Admit that the Insured's loss described in the Complaint is covered under the subject insurance policy.

6.     Admit that ensuing damage as a result of the subject loss is covered under the terms

of the subject insurance policy.

7.      Admit that the Insured provided Defendant a detailed estimate of damages prior to filing the instant action.

8.      Admit that Defendant did not conduct a recorded statement prior to issuing a decision in this claim.

9.      Admit that Defendant did not conduct an Examination Under Oath prior to issuing a decision in this claim.

10.      Admit that Defendant did not send a plumber to investigate the loss and inspect the subject property prior to issuing a decision in this claim.

11.      Admit that Defendant did not send an engineer to investigate the loss and inspect the subject property prior to issuing a decision in this claim.

12.      Admit that the Insured complied with all post-loss conditions prior to filing the instant action.

13.      Admit that the Insured has a duty to mitigate damages after a loss.

14.      Admit that the Insured mitigated damages after the subject loss.

15.      Admit that if the Insured prevails in this action, Defendant is required to pay the Insured's attorneys' fees and costs pursuant to section 627.428, Florida Statutes.

16.      Admit that the Insured provided documents to Defendant to aid Defendant in its investigation.

17.      Admit that the Insured allowed Defendant to inspect the subject property and examine the damages.

18.      Admit that the Insured never denied Defendant access to inspect the property.

19.      Admit that Defendant has inspected the subject property.

20.     Admit that Defendant has a duty to investigate and adjust the Insured's loss in good-faith.

21.     Admit that Defendant must diligently and reasonably attempt to secure the Insured's cooperation and compliance with the policy's duties after a loss.

22.     Admit that Defendant must prove that it in good-faith employed methods that were reasonably calculated to bring about the Insured's cooperation and compliance with the post-loss obligations.

23.     Admit that the Insured is not required to prove the cause of loss that occurred at the property; the Insured is only required to prove that it sustained a loss while the insurance policy was in full force and effect.

24.     Admit that Defendant acknowledged coverage for the loss by issuing payment to the Insured for the loss.

**[CERTIFICATE OF SERVICE AND SIGNATURE BLOCK NEXT PAGE.]**

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with a copy of the Complaint and Summons upon Florida Chief Financial Officer as registered agent for the Defendant via the Florida Department of Financial Services Service of Process Portal https://apps.fldfs.com/LSOP/Account/Login.aspx.

**THE HERNANDEZ LEGAL GROUP**
*Counsel for the Insured*
11410 N. Kendall Drive, Suite 311
Miami, Florida 33176
Telephone:      (305) 640-8210
Primary e-mail: eservice@thehlglawfirm.com
Secondary e-mail: rviego@thehlglawfirm.com

By:     /s/ Rafael Viego, III
         Rafael Viego, III, Esq.
         Florida Bar No. 60967

4